**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARA HAMILTON,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>GLAXOSMITHKLINE, LLC,<br><br>   Defendant-Appellee. | No. 19-35973<br><br>D.C. No. 9:18-cv-00054-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted February 2, 2021[**]
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Plaintiff Sara Hamilton appeals the entry of summary judgment for

Defendant GlaxoSmithKline, LLC on all of her claims. Reviewing de novo, King

v. County of Los Angeles, 885 F.3d 548, 556 (9th Cir. 2018), we affirm.

  1. The proposed medical examination was job-related and consistent with

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

business necessity and therefore did not violate the Americans with Disabilities Act or the Montana Human Rights Act. Yin v. California, 95 F.3d 864, 867–68 (9th Cir. 1996). But in any case, the examination was not in fact mandatory, as Plaintiff suffered no adverse employment action due to her refusal to participate. Accordingly, the district court did not err by granting summary judgment in favor of Defendant on Plaintiff's claims that she was subjected to an unlawful medical examination.

2. Plaintiff's requested accommodations—a new manager or an outside mediator—were not "reasonable" given the factual context of her position within the company. US Airways, Inc. v. Barnett, 535 U.S. 391, 401 (2002). Defendant communicated extensively with Plaintiff and offered her a practical alternative: internal counseling and mediation. Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1138–39 (9th Cir. 2001). Other accommodations likely would have been futile; Plaintiff conceded that she would not have entertained alternative accommodations because what she wanted was a new manager. Defendant's efforts reflect a good faith engagement in the interactive process. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002) ("The interactive process requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's

request; and (3) offering an accommodation that is reasonable and effective.").

3. The district court did not err by entering summary judgment in Defendant's favor on Plaintiff's discriminatory termination claims. Plaintiff was not a "qualified individual able to perform the essential functions of the job" given her violation of Defendant's attendance policy. Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1237–38 (9th Cir. 2012). And Defendant had not failed to accommodate Plaintiff because it offered her a reasonable accommodation under the circumstances: internal mediation. Humphrey, 239 F.3d at 1139.

4. There is no "specific and substantial" evidence of pretext to support Plaintiff's retaliation claims. Bergene v. Salt River Project Agric. Improvement & Power Dist., 272 F.3d 1136, 1142 (9th Cir. 2001). The record evidence fails to show that "a discriminatory reason more likely motivated [Defendant] or . . . that [Defendant's] proffered explanation is unworthy of credence." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002) (internal quotation marks omitted). Therefore, the district court did not err by entering judgment on Plaintiff's claim that, after she filed her claims with the Montana Human Rights Bureau, Defendant retaliated by terminating her employment for violation of the attendance policy.

**AFFIRMED**.